UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**JAN 1 0 2008**
CLERK

| | |
|---|---|
| HEATH TAYLOR, | CIV. 07-4185-RHB |
| Plaintiff, | |
| vs. | ORDER |
| BOB DOOLEY, Warden, Mike Durfee State Prison, MIKE DURFEE STATE PRISON MEDICAL DEPARTMENT, HERB SALOUM Director, MICHELLE GIELSKI, Physician Assistant, and JANE HAMILTON, RN Clinical Director, | |
| Defendants. | |

Plaintiff, an inmate at Mike Dufree State Prison, brings this action under 42 U.S.C. § 1983, alleging that the defendants' refusal to provide chiropractic treatment is a violation of his constitutional rights. Plaintiff also moves to proceed *in forma pauperis*.

## DISCUSSION

### A.  Screening

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii). If the Court finds that the complaint falls under any of § 1915(e)(2)(B)'s provisions, the Court "shall dismiss the case at any time . . . ." Id. In addition to a review under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable afer docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. (1996). For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff's complaint is based on the notion that defendants' failure to provide chiropractic treatment constitutes a violation of his Eighth Amendment right to be free from cruel and unusual punishment while incarcerated. The Supreme Court has recognized that the government has an "obligation to provide medical care for those who it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 251 (1976). However, it is well-settled that the right to medical treatment does not include the right to a prisoner's requested course of treatment. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (providing that "a disagreement as to the proper course of treatment . . . is not actionable under the Eighth Amendment").

In the present case, it is clear that plaintiff has not been denied medical treatment. The Administrative Remedy Response, which denied plaintiff's request for chiropractic treatment, expressly informs plaintiff that "[i]f you need assistance for pain, you will need to attend sick call

and discuss your concern with medical staff." Thus the dispute is not over the failure to provide medical care; it is over the failure to provide the specific medical care requested by plaintiff, which is not actionable under the Eighth Amendment. Consequently, plaintiff's complaint states a claim upon which relief may not be granted, and accordingly does not survive the Court's screening process.

B.  *In Forma Pauperis* Determination

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .
>
> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff has provided a certified prisoner trust account report verifying his account balance for the preceding six months. At the time the prisoner trust account report was filed, plaintiff's current balance was $0.05, with an average monthly balance of $48.80. His average monthly deposits amount to $75.04. As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2) to proceed *in forma pauperis*.

## CONCLUSION

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff Heath Taylor's complaint (Docket #1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Heath Taylor's motion to proceed *in forma pauperis* (Docket #2) is granted. Plaintiff is nonetheless obligated to pay the entire filing fee.

IT IS FURTHER ORDERED that plaintiff Heath Taylor shall pay, as a partial payment of his court fees, an initial partial filing fee of $15.01, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff Heath Taylor shall be required to pay the applicable $350.00 filing fee in its entirety. The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 10 day of January, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

4